ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Leroy Riley

       Plaintiff

**RECEIVED**

JUN - 3 2005

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

      -against-

Charles M. Simpson, Kerri Cross,
David MC Coy, Charles M. Shane,
sued in there individual and
official capacities, Mr Gaston,
sued in his individual capacities.

       Defendents.

COMPLANT

JURY TRIAL DEMANDED

CA05-172E

**RECEIVED**

JUN - 3 2005

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

PRELIMINARY STATEMENTS:

This is a civil rights action filed by Leroy Riley a state prisoner
for damages and injunctive relief under 42 U.S.C.§1983 in
confinement in segregation in violation of due process of the
Fourteenth Amendment of the United States Constitution,

JURISDICTION:

The Court has jurisdiction over the plaintiff claims of violation
of the federal constitutional rights under 42 U.S.C.§1331 (a)
and 1343.

A) PRELIMINARY INFORMATION.

1. Where are you confined?___SCI Pittsburgh_____

2. What sentence are you serving? _6 to 15 years._____

3. What court impose the sentence? _Montgomery County Court_.

B) PREVIOUS LAWSUITS.

4. Have you begon other law suits in state or federal court dealing with the same facts involved in this action or otherwise relating to your inprisonment?_____

5. Is there a grievance  procedure in this institution?_Yes_

6. What steps did you take?_____

7. What was the results?_____

_____

C) PARTEIS.

8. _Plaintiff Leroy Riley_,incarsirated at the SCI Pittaburgh, where the events discribe took place.

9. _Defendant David Mc Coy_ acting DATSS, he is one of three appeal board member at Pittsburgh, he is responsible for reviewing all administrative appeals of displinary charges filed by Pittsgurgh inmates, He is being sued in his individual and offical capacities.

10. _Defendant Charles Shane,_ he is one of three board members at SCI Pittsburgh, he also is responsible for reviewing all administrative appeals of displinary charges filed by Pittsburgh inmates, He is being suid in his indididual and offical capacities.

10. _Defendant Kerri Cross_,is a hearing exsaminer at Pittsburgh, She's responsible  for conducting disciplinary hearings for prisoners accused of bracking the rules, She is being suid in her individul and offical capacities.

11. _Defendant Mr Simpson_, is correctional captain at SCI Pittsgurgh, where the events discribe took place, He is also in charge of the segregation unit at Pittsburgh, He is also one of three appeal board members responsible for reviewing all administrative appeals of displinary charges filled by Pittsburgh inmates, He is being suid in his individual and offical capacities

12. Defendent Mr Gaston, is a correction officer at SCI Pittsburgh, one of his jobs is to investagate rule violation by Pittsburgh inmates, and conducting write-ups for the violations, He is being suid in his indididul capacities.

D) FACTS. DENIAL OF DUE PROCESS:

13. On May 27, 2004 at 0700 hours the plaintiff was removed from his cell in general population at SCI Pittsburgh, for allegently hitting his cellmate Mr Taylor, 15 minute latter plaintiff was interviewed by Luetenent Culp, after the interview plaintiff was place into administrative custudy by order of Captain Simpson.

14. The plaintiff was placed into a cell on the punitive segregation unit, into a cell with another inmate serving a punitive segregation sentence.

15. On May 31, 2004 While in administrative segregation the plaintiff received a misconduct report stating that two CSI's were in a location to observe Plaintiff and Taylor arguing about Taylor making nose in the early morning hours, and aruging about plaintiff not using his head-phones, and they also heard the plaintiff threating Taylor, Taylor also conferm that he was hit.

16. At that point the plaintiff received a form to fill out, to write down his version of the events and any witness that he wish to call, plaintiff put down witness inmate Chandler as a witness.

17. On June 30, 2004 The plaintiff received a displinary hearing in front of defendent Hearing Examiner, Cross, at that point" the plaintiff handed the defendent Cross his witness list and statement of events.

18. Defendent Cross denied plaintiff witness, then after, she read the plaintiff misconduct report, at that point she desided to postpone the hearing to allow an in-camera relibilty hearing with C/O Gaston to extablish the credibilty of the two CSI's.

19. On June 7, 2004 the disciplinary hearing reconvine, the hearing examinar,"Ms Cross, stated to the plaintiff that she had resently got off the phone befor the plaintiff came to the hearing, and it was in regard to the in camera hearing, and the information that she received is a such: That the in camera hearing was held on June 4, 2004, and that C/O Gaston gave sworn testimony that his two CSI's were in a position to observe as to hear violation, and they reported hearing the plaintiff and Taylor aruging over cell move, and that they heard a distint sound of someone getting hit, then after the hit they hard the plaintiff say,"Why don't you hit me back" and Taylor conferm that he was hit.

20. At that point the hearing examinar ask the plaintiff how do he plead to the charge's?

21. The plaintiff informed the hearing examiner, defendent Cross" that do to new allagation that were just made in regard to what the two CSI's claim they heard, that just at that moment come to his attention, that he needed to postpone this hearing to marshal a new defence.

21. The request was denied by the defendent, Cross", and the plaintiff was found guilty, and was giving 60 days punitive segregation.

22. At that point the defendent handed the plaintiff handed his written statements of the facts detailing the evidence relied upon.

23. Pursuant to procedure on June 7, 2004 the plaintiff filed a administrative appeal with board members , Simpson, Mc Coy, and Shane defendents" pointing out spicfic violation.

24. On 6/9/2004 the plaintiff appeal was denied.

25. On 6/8/04 the plaintiff requested written statements, Taylor complaintiff" version of events for plaintiff defence, the request was made to Captain Simpson, They where also denied.

E) Clames of relief:

26. Defendant Mr Simpson, Mr McCoy, and Shane, in refusing to over turn plaintiff displinary conviction dispite there knowledge of the discribe Due Process violation, and failing to correct them. The violation was then ovious s in the record, denied the plaintiff of Due Process of law in violation of the fourteenth amendment of the United States Constitution,

27. Defendant Captain Simpson, for procedure violation, for athorizing the administrative custudy of the    plaintiff under punitive condiction by placing him into a cell with another inmate serving a punitive sentence, constituted atypical hardship, dening the plaintiff of due process, For failure to act on the unconstitutional acts of his subernates and failure to be responsable for preventing it, constituted delibrat indeffrence further dening the plaintiff of due process of law in violation of the United States Constitution.

28. Defendant Ms Cross actions for refusing to call plaintiff witness after the reconstructed testimony by the C.S.Is. By receiving this information by phone, and failing to review this materal evidence (in-camera) documenting the investagater assesment of the credibilty of the C.S.Is. The evidence did not meet the propondence of the evidence rule, failure to give specific facts finding, detailing the evidence relied upon to support her verdict, and not just stating the inmate is guilty as written, denied the plaintiff of due process of law in violation of the fourteenth amendment of the United States Constitution.

29. Defendant Mr Gaston, action for his inderect particpation of of the plaintiff due process right violation, by seting in motion a series of events that he know or reasonable should have cause a constitutional violation, also technical error in his report affected the plaintiff ability to understand and defend the charge's, denied the plaintiff due process of law in violation of the Fourteen    Amendment of the United States Constitution

**F) Wherefore:**

Plaintiff request that the court grant the following relief,

A) Issue a declaratory judgement stating that,

1. Defendant, Simpson, McCoy and Shane action to not over tuun the plaintiff disaplinary conviction violated the plaintiff due process rights under the fourteenth amendment of the United States **Consti**tution.

2. Defendant Simpson action for failing to act on the cess violation complants and his suburnete unconstitutional b'havor and procedure violations, denied the plaintiff due process of law under the Fourteenth Amendmend of the United States Constitution.

3. Defendant Cross in conducting the plaintiff disaplinery hearing violated the plaintiff due process rights under the fourteenth amendment of the United States Constitution .

4. Defandant Gaston action, by seting in motions a series of events that he would have reasonable should            would be in violation of the plaintiff due process right under the fourteenth amendment of the United State Constitution.

( 5 )

G) Issue a injunction ordering;

erase the plaintiff displainary conviction discribe in this complaint from his institutional record.

H) Aw ·d compensatory damages jointly and severly against defendant:

for the punishment and emotional injury resulting from there denial of due process in there connection with the plaintiff appeal and discplaniry hearing proceedings,denied the plaintiff due process of law under the United States Constitution.
2. Defendant Simpson for punishment and emotional injury for failing to investagate and to take action resulting from the plaintiff com- plants and conserns and his subernate unconstitutional actions dening the plaintiff of due process of law,unde the United States consti- tution.
3. Defendant Gaston for punishment and emotional injury resulting from his indirect involvement in the events that resulted in the plaintiff due process violation, denied the plaintiff due process of law under the United States Counstitution.

I) A  rd Punitive damages against defendant, Simpson, McCoy, Cross, Shane, Gaston and

J) Grant such other relief as it may appear that plaintiff is entitle.

Date:
Respectfully Submitted

Signed this ___*May*___ day of ___20___, 19__2005__.

_____

_____
(Signature of plaintiff or plaintiffs)

Executed at __SCI Forest 1 Woodland Dr Marienville Pa.__
(Name of institution, city, county)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___ __ _____2005_____
(Date)

_____

_____
(Signature of plaintiff or plaintiffs)

A) PRELIMINARY INFORMATION.

1. Where are you confined? __SCI Pittsburgh__

2. What sentence are you serving? __6 to 15 years.__

3. What court impose the sentence? __Montgomery County Court.__

B) PREVIOUS LAWSUITS.

4. Have you begon other law suits in state or federal court dealing with the same facts involved in this action or otherwise relating to your inprisonment?_____

5. Is there a grievance procedure in this institution? __Yes__

6. What steps did you take?_____

7. What was the results?_____

_____

C) PARTEIS.

8. Plaintiff Leroy Riley ,incarsirated at the SCI Pittaburgh, where the events discribe took place.

9. Defendent David Mc Coy acting DATSS, he is one of three appeal board member at Pittsburgh, he is responsible for reviewing all administrative appeals of displinary charges filed by Pittsgurgh inmates, He is being sued in his individual and offical capacities.

10. Defendent Charles Shane, he is one of three board members at SCI Pittsburgh, he also is responsible for reviewing all adminis-trative appeals of displinary charges filed by Pittsburgh inmates, He is being suid in his indididual and offical capacities.

10. Defendent Kerri Cross,is a hearing exsaminer at Pittsburgh, She's responsible for conducting disciplinary hearings for prisoners accused of bracking the rules, She is being suid in her individul and offical capacities.

11. Defendent Mr Simpson, is correctional captain at SCI Pittsgurgh, where the events discrtbe took place, He is also in charge of the segregation unit at Pittsburgh, He is also one of three appeal board members responsible for reviewing all administrative appeals of disiplinary charges filled by Pittsburgh inmates, He is being suid in his individual and offical capaccities

12. Defendent Mr Gaston, is a correction officer at SCI Pittsburgh, one of his jobs is to investagate  rule violation by Pittsburgh inmates, and conducting write-ups for the violations, He is being suid in his indididul capacities.

D) FACTS. DENIAL OF DUE PROCESS:

13. On May 27, 2004 at 0700 hours the plaintiff was removed from his cell in general population at SCI Pittsburgh, for allegently hitting his cellmate Mr Taylor, 15 minute latter plaintiff was interviewed by Luetenent Culp, after the interview plaintiff was place into administrative custudy by order of Captain Simpson.

14. The plaintiff was placed into a cell on the punitive segregation unit, into a cell with another inmate serving a punitive segregation sentence.

15. On May 31, 2004 While in administrative segregation the plain-tiff received a misconduct report stating that two CSI's were in a location to observe Plaintiff and Taylor arguing about Taylor making nose in the early morning hours, and aruging about plaintiff not using his head-phones, and they also heard the plaintiff threating Taylor, Taylor also conferm that he was hit.

16. At that point the plaintiff received a form to fill out, to write down his version of the events and any witness that he wish to call, plaintiff put down witness inmate Chandler as a witness.

17. On June 30, 2004 The plaintiff received a displinary hearing in front of defendent Hearing Examiner, Cross, at that point" the plaintiff handed the defendent Cross his witness list and statement of events.

18. Defendent Cross denied plaintiff witness, then after, she read the plaintiff misconduct report, at that point she desided to post-pone the hearing to allow an in-camera reliblity hearing with C/O Gaston to extablish the credibilty of the two CSI's.

(2)

19. On June 7, 2004 the disciplinary hearing reconvine, the hearing examinar,"Ms Cross, stated to the plaintiff that she had resently got off the phone befor the plaintiff came to the hearing, and it was in regard to the in camera hearing, and the information that she received is a such: That the in camera hearing was held on June 4, 2004, and that C/O Gaston gave sworn testimony that his two CSI's were in a position to observe as to hear violation, and they reported hearing the plaintiff and Taylor aruging over cell move, and that they heard a distint sound of someone getting hit, then after the hit they hard the plaintiff say,"Why don't you hit me back" and Taylor conferm that he was hit.

20. At that point the hearing examinar ask the plaintiff how do he plead to the charge's?

21. The plaintiff informed the hearing examiner, defendent Cross" that do to new allagation that were just made in regard to what the two CSI's claim they heard, that just at that moment come to his attention, that he needed to postpone this hearing to marshal a new defence.

21. The request was denied by the defendent, Cross", and the plaintiff was found guilty, and was giving 60 days punitive segregation.

22. At that point the defendent handed the plaintiff handed his written statements of the facts detailing the evidence relied upon.

23. Pursuant to procedure on June 7, 2004 the plaintiff  filed a administrative appeal with board members , Simpson, Mc Coy, and Shane defendents" pointing out spicfic violation.

24. On 6/9/2004 the plaintiff appeal was denied.

25. On 6/8/04 the plaintiff requested written statements, Taylor complaintiff" version of events for plaintiff defence, the request was made to Captain Simpson, They where also denied.

(3)

E) Clames of relief:

26. Defendant Mr Simpson, Mr McCoy, and Shane, in refusing to over turn plaintiff displinary conviction dispite there knowledge of the discribe Due Process violation, and failing to correct them. The violation was then ovious s in the record, denied the plaintiff of Due Process of law in violation of the fourteenth amendment of the United States Constitution,

27. Defendant Captain Simpson, for procedure violation, for athorizing the administrative custody of the    plaintiff under punitive condiction by placing him into a cell with another inmate serving a punitive sentence, constituted atypical hardship, dening the plaintiff of due process, For failure to act on the unconstitutional acts of his subernates and failure to be responsable for preventing it, constituted delibrat indeffrence further dening the plaintiff of due process of law in violation of the United States Constitution.

28. Defendant Ms Cross actions for refusing to call plaintiff witness after the reconstructed testimony by the C.S.Is. By receiving this information by phone, and failing to review this materal evidence (in-camera) documenting the investagater assesment of the credibilty of the C.S.Is. The evidence did not meet the propondence of the evidence rule, failure to give specific facts finding, detailing the evidence relied upon to support her verdict, and not just stating the inmate is guilty as written, denied the plaintiff of due process of law in violation of the fourteenth amendment of the United States Constitution.

29. Defendant Mr Gaston, action for his inderect particpation of of the plaintiff due process right violation, by seting in motion a series of events that he know or reasonable should have cause a constitutional violation, also technical error in his report affected the plaintiff ability to understand and defend the charge's, denied the plaintiff due process of law in violation of the Fourteen    Amendment of the United States Constitution

**F) Wherefore:**

Plaintiff request that the court grant the following relief,

A) Issue a declaratory judgement stating that,

1. Defendant, Simpson, McCoy and Shane action to not over tuun the plaintiff disaplinary conviction violated the plaintiff due process rights under the fourteenth amendment of the United States **Consti-**tution.

2. Defendant Simpson action for failing to act on the cess violation complants and his suburnete unconstitutional b havor and procedure violations, denied the plaintiff due process of law under the Fourteenth Amendmend of the United States Constitution.

3. Defendant Cross in conducting the plaintiff disaplinery hearing violated the plaintiff due process rights under the fourteenth amendment of the United States Constitution.

4. Defandant Gaston action, by seting in motions a series of events that he would have reasonable should          would be in violation of the plaintiff due process right under the fourteenth amendment of the United State Constitution.

(5)

G) Issue a injunction ordering;

erase the plaintiff displainary conviction discribe in this complaint
from his institutional record.

H) Aw 'd compensatory damages jointly and severly against defendant:


for the punishment and emotional injury resulting from there denial
of due process in there connection with the plaintiff appeal and
discplaniry hearing proceedings denied the plaintiff due process of
law under the United States Constitution.
2. Defendant Simpson for punishment and emotional injury for failing
to investagate and to take action resulting from the plaintiff com-
plants and conserns and his subernate unconstitutional actions
dening the plaintiff of due process of law unde the United States consti-
tution.
3. Defendant Gaston for punishment and emotional injury resulting
from his indirect involvement in the events that resulted in the
plaintiff due process violation, denied the plaintiff due process
of law under the United States Counstitution.


I) A rd Punitive damages against defendant, Simpson, McCoy, Cross,
Shane, Gaston and

J) Grant such other relief as it may appear that plaintiff is entitle.

Date:
Respectfully Submitted

_____

(6)

All Institutional Remidys

Grievence, Appeals Has been

also isted

CA 05-172

See EXHIBITS
These Pages

A I A 1015
(9)

| DC-141 Part 3 Program Review Committee Action ☐ Misconduct Appeal | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | | Revised 6/02 |
|---|---|---|---|

☐ Misconduct Appeal    ☐ Periodic Review    ☐ Other

| DC Number | Name | Facility | Date of Review | No. from DC-141 Part 1 |
|---|---|---|---|---|
| FQ 8672 | Leroy Riley | SCI-P | 6/9/04 | A 602109 |

**Program Review Committee's Decision and Rationale**

Points of Appeal

A: Procedures: Inmate claims procedures not followed

B: Punishment: Claims should not have been sanctioned.

C: Evidence: Claims CSI's were not reliable.

Decision of PRC: Procedures were followed. H/E had second hearing to establish credibility of CSI's. H/E found evidence more reliable than testimony of inmate. Sanctions imposed appropriate for charge. Possion Possition

Sustain

---

**Decision Relative to Hearing Examiner's Verdict**

☐ Not Applicable    ☒ Sustain    ☐ Sustain-Amend    ☐ Refer Back for Further Study    ☐ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| David McCoy, Acting DATSS | Dan McC | 6/9/04 |
| Charles M. Shane, Principal | J. Sm | 6/9/04 |
| Charles M. Shane, Principal | Charles M. Shane | 6/9/04 |

WHITE – DC-15    YELLOW – INMATE    PINK – STAFF MEMBER REPORTING MISCONDUCT    GOLDENROD – DSFM

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS
Office of the Chief Hearing Examiner
1451 North Market Street
Elizabethtown, PA 17022

**INMATE NAME** ████████████    **INM** ████████████

**INSTITUTION** ████████    **Misconduct Number:** A602109

**FROM:**    Robert S. Bitner
            Chief Hearing Examiner    **DATE :**    September 14, 2004

This is to acknowledge receipt of your appeal to final review of the above numbered misconduct.

In accordance with DC ADM 801, VI L, 3b, inmates appeal for final review of their misconducts are responsible for providing the Chief Hearing Examiner with a brief statement relative to issues and any available paperwork or document on relevant to the appeal. A proper appeal for final review should include photocopies of the Misconduct Report, Hearing Examiner's report, the Inmate Version and Witness forms (if applicable), Appeal to PRC, PRC Response, Appeal to Superintendent, and the Superintendent's response.

Your appeal to final review failed to include one or more of the documents necessary to complete final review. Accordingly, my office has contacted our institution to request copies of the entire record of this misconduct as well as appeals at the institution level.

This notice is to advise you that, although we have received your appeal, the response at final review will be delayed pending receipt of the records requested from the institution. Your appeal will be reviewed and responded to within seven working days of receipt of all necessary records for review pursuant to DC ADM 801, VI L.

**ADDITIONAL COMMENTS:**
**Sent for a copy of the Superintendent's appeal response.**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1451 N. MARKET STREET
ELIZABETHTOWN, PA 17022

OFFICE OF THE
CHIEF HEARING EXAMINER

September 20, 2004

Leroy Riley, FQ-8672
SCI Pittsburgh

Re:    DC-ADM 801 - Final Review
Misconduct No. A602109

Dear Mr. Riley:

Your appeal of the above-referenced misconduct has been referred to this office for review. However, our inquiry into this matter reveals that you have not yet appealed to the Superintendent of your institution as required by DC-ADM 801. Until this appeal is completed, final review cannot be granted. Upon receiving the response from your appeal to the Superintendent, you may once again submit a timely written appeal for final review.

This response does not grant you a right to an appeal if it would otherwise be untimely to pursue that appeal. However, in evaluating the timeliness of any appeal you submit, the time consumed by erroneously directing your appeal to this office may be disregarded at the discretion of the recipient of your next appeal.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

RSB:krc

pc:    Superintendent Good

*"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*

*Superintendent Office*

Form DC-135A

## INMATE'S REQUEST TO STAFF MEMBER

*Superintendent*

Commonwealth of Pennsylvania
Department of Corrections

### INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| | |
|---|---|
| 1. To: (Name and Title of Officer) | 2. Date: *12 / /04* |
| 3. By: (Print Inmate Name and Number) *Leroy Riley EQ8672* ___ Inmate Signature | 4. Counselor's Name *Sorbin* |
| | 5. Unit Manager's Name *Hollock* |
| 6. Work Assignment *Block Worker* | 7. Housing Assignment *B/605* |

8. Subject: State your request completely but briefly. Give details.

*Please Read Whats inclosed*

> RECEIVED
> SCI-PITTSBURGH
>
> JAN 05 2005
>
> SUPERINTENDENT
> ASSISTANT II

*Issue
overturn
Disciplinary
Conviction*

9. Response: (This Section for Staff Response Only)

| | |
|---|---|
| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____ / _____ Date _____
            Print                              Sign

Revised July 2000

Leror Riley FQ 8672

Superintendent Officie                    Date 12/5/04
SCI Pittsburgh
P.O. Box 99901
Pittsburgh, Pa. 15233

Dear Sir,

Good day, On are about 9 18/04 , I filed for a review of my miscon-
doct I received on 7/28/2004 they had informed me that it had to go
through the Superintendent office first. On are around 9/08/04 7/27/04
I sent this information to you along with my complaint and documents
pertaining to the miscondoct          'hem. I did not receive
a responce back from your office. Again on are around 10/15/04
I informed you that I did not received a responce from your office
I'm still waiting to hear from you. I will wait a just a few more
days for your responce to this request, if  I do not here back from
you, I will have no choice but to send it back off to the Chief
hearing examiner with out your responce.

Issue:

     I was wrongly accuse of hitting inmate Mr Taylor. The evidence
aginst me was fabracated, I got a misconduct back saying two CSIs
were in a location to observe the violation. I know in my soul this
is not true, for 1, I did not strike Mr taylor. 2, This took place
at 6;am the jail was lock down at that time, no one was out as to
see or hear. 3. You can not hear some one getting strike in there
side or mid siction through thouse thick cell walls 'try it you'll
see" If there were two CSIs they would of have to had been next
door as to hear, but it's still imposable. 5 The misconduct report
don't match the    (the two CSIs change there statements)  one from
the misconduct hearing (In-camera report) 6. The hearing examiner
never reviewed the in-camera report, she took this information over
the phone information like where were the CSI located at the time

as to hear the violation? What cell were they in if they were next
door sence the jail was lock down. What reliable information that
they given in the past?  the rule of proceedure said this must be
done she did not do it, also , on the hearing examiner's statement of
reason   she must give reson why she came to the conclusion, and
not just repeat, what it said in the report,"Guilty as writen"
The evidence did not meet the proponderence of the evidence rule.
Theres no evidence any one was hit and nobody seen it nor heard.
also proceedure violation, I was placed into a cell while I was on
administrative status on a punitive segeration block with another
(same cell) inmate seriving a punitive sentence for over 10 days.
All Im am asking is for some one to review the in-camera report
and you will see somebody is lying and fabracating a story and
to review the misconduct report  aginst the in-camera hearing report
and you will see the same.

All I'm am asking for is a fare shake and a carefull review of
these allagations, I have to clear my name becouse this misconduct
may hurt any future plains or indevers.


                                        Think you very much
                                        for your time.



**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**SCI-PITTSBURGH**
**(412) 761-1955**
**January 5, 2005**

Subject:     Misconduct Appeal

To:          Leroy Riley, FQ-8672

From:        Thomas W. Seiverling
             Superintendent Assistant

This is in response to your communication to Supt. Stowitzky. I have reviewed both your institutional record and the files in the superintendent's office and I can find no indication that any appeal of misconduct #A602109 was ever received by the superintendent. As of this date, the time period for appealing this issue has long since expired.

TWS

cc: DC-15

*Superintendent*

RECEIVED
OCT 0 1 2004

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

*MR Good*

Commonwealth of Pennsylvania
Department of Corrections

SCI Pittsburgh
Superintendent's Office

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)

2. Date: *9/25/04*

3. By: (Print Inmate Name and Number) *LEROY RILEY FQ8672*
*Leroy Riley*
Inmate Signature

4. Counselor's Name

5. Unit Manager's Name *MR Harris*

6. Work Assignment

7. Housing Assignment *B2 B 1016*

8. Subject: State your request completely but briefly. Give details.

*Phase Reinstatement*

9. Response: (This Section for Staff Response Only)

To DC-14 CAR only ☐

To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____ Print _____ / _____ Sign _____ Date _____

Revised July 2000