IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-172E |
| | ) | |
| CHARLES SIMPSON, KERRI CROSS, | ) | Judge Sean J. McLaughlin |
| DAVID MCCOY, CHARLES M. SHANE, | ) | Magistrate Judge Susan Baxter Paradise |
| sued in their individual and official | ) | |
| capacities, MR. GASTON sued in his | ) | |
| individual capacities | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

## MOTION TO DISMISS

AND NOW, comes the Defendants Charles Simpson, Kerri Cross, David McCoy, Charles M. Shane, and Mr. Gaston, by their attorneys Thomas W. Corbett, Jr., Attorney General, Robert A. Willig, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and respectfully submit the following:

1.  Plaintiff, Leroy Riley, #FQ-8672, is a *pro se* prisoner currently in the custody of the Pennsylvania Department of Corrections (DOC) in the State Correctional Institute at Forest (SCI-Forest).

2.  Plaintiff raises claims pursuant to 42 U.S.C. §1983 against several DOC employees. Specifically, Plaintiff asserts that he was placed in disciplinary custody "in violation of due process of the Fourteenth Amendment…." (*See* Doc. # 1, p. 1). Plaintiff contends that both his initial disciplinary hearing and his appeal were flawed.

3.  The Defendants request that Plaintiff's Complaint be dismissed for the following reasons:

a.  Sixty (60) days disciplinary custody does not trigger the procedural protections of the Due Process clause.

b.  Plaintiff failed to exhaust administrative remedies and is barred from filing suit pursuant to the Prison Litigation Reform Act.

c.  Defendants Simpson, Cross, McCoy, and Shane sued in their official capacity are not "persons" for purposes of 42 U.S.C. §1983.

d.  The 11th Amendment bars suit against Defendants Simpson, Cross, McCoy, and Shane sued in their official capacities.

e.  Defendant Simpson's failure to act on the unconstitutional acts of his subordinates fails to state a claim under 42 U.S.C. §1983.

f.  Plaintiff's allegation of Gaston's "indirect participation" in these events does not state a claims under §1983.

g.  Plaintiff fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1997e(e) of the Prison Litigation Reform Act in that there was no physical injury.

WHEREFORE, it is respectfully requested that this Motion be granted and Plaintiff's Complaint be dismissed.

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY:
/s/ Robert A. Willig
ROBERT A. WILLIG
Senior Deputy Attorney General
PA I.D. No. 53581

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date: May 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Motion to Dismiss** was served upon the following via first class mail:

Leroy Riley #FQ-8672
SCI-Forest
P.O. Box 945
Marienville, PA 16239-0945

    /s/ Robert A. Willig
ROBERT A. WILLIG
Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-5696

Date:  May 12, 2006