IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEROY RILEY                          *
      Plaintiff,                 *
                    *
     v.                             *
                    *    Civil Action No. 05-172E
CHARLES SIMPSON, KERRI CROSS,        *
DAVID MCCOY, CHARLES M. SHANE        *    Judge Sean J. McLaughlin
MR. GASTON, sued in there            *    Magistrate Judge Susan B. Paradise
individual capacities,               *
DAVID J. GOOD, sued in his           *
individual and official              *        COMPLAINT
capacities                           *
        Defendants.             *    Jury Trial Demanded
                    *
                    *

## Amended Complaint

### Preliminary Statement:

This is a civil rights action filed by Leroy Riley a state prisoner
for damages and injunctive relief under 42 U.S.C.§ 1983 in vio-
lation of Due process of the Fourteenth Amendment of the United
States Constitution.

### Jurisdiction:

The Court has jurisdiction over plaintiff claims of violation of
the Federal Constitutional Rights under U.S.C.§1331(a) and 1343.

A) <u>PRELIMINARY INFORMATION</u>.
1. Where are you confined? <u>   SCI Pittsburgh           </u>

2. What sentence are you serving? <u> 6 to 15 years.        </u>

3. What Court impose the sentence? <u> Montgomery County Court    </u>

B) <u>PREVIOUS LAWSUITS</u>.

4. Have you begon other law suits in state or Federal courts dealing with the same facts involved in this action or otherwise relating to your confinement? <u>   No                              </u>

5. Is there a grievance procedure in this institution? <u> yes     </u>

6. What steps did you take? <u> I informed them of the constitutional</u> <u>violation on date:  /  /   </u>; What steps were taken<u>, No action was</u> <u>I was told it would be handled through the review board.       </u>

C) <u>PARTIES.</u>

7. Plaintiff is Leroy Riley, inmate at the SCI Pittsburgh, where the events discribe took place.

8. Defendant David Mc Coy acting DATSS, he is one of three appeal board member at Pittsburgh, he is responsible for reviewing all administrative appeals of displinary charges filed by Pittsburgh inmates, he is being sued in his official capacities.

9. Defendant Charles Shane, he is one of three board members at SCI Pittsburgh, he is responsible for reviewing all administrative appeals of displinary charges filed by Pittsburgh inmates, he is being sued in his official capacities.

10. Defendant Kerri Cross, is a hearing examiner at SCI Pittsburgh she is responsible for conducting disciplinary hearings for prisoner accused of bracking the rules, she is being sued in her official capacities.

11. Defendant Charles M. Simpson, is a correction Captain at SCI Pittsburgh, he is also one of three board members "appeal" responsible for reviewing all administrative appeal of displinary charges filed by Pittsburgh inmates, being sued in his official capacities.

12. Defendent Mr Gaston,is a correction officer at SCI Pittsburgh, one of his jobs is to investagate  rule violation by Pittsburgh inmates, and conducting write-ups for the violations, He is being suid in his indididul capacities.

D) FACTS. DENIAL OF DUE PROCESS:
13. On May 27, 2004 at 0700 hours the plaintiff was removed from his cell in general population at SCI Pittsburgh, for allegently hitting his cellmate Mr Taylor, 15 minute latter plaintiff was interviewed by Luetenent Culp, after the interview plaintiff was place into administrative custudy by order of Captain Simpson.
14. The plaintiff was placed into a cell on the punitive segregation unit, into a cell with another inmate serving a punitive segregation sentence.
15. On May 31, 2004 While in administrative segregation the plaintiff received a misconduct report stating that two CSI's were in a location to observe Plaintiff and Taylor arguing about Taylor making nose in the early morning hours, and aruging about plaintiff not using his head-phones, and they also heard the plaintiff threating Taylor, Taylor also conferm that he was hit.
16. At that point the plaintiff received a form to fill out, to write down his version of the events and any witness that he wish to call, plaintiff put down witness inmate Chandler as a witness.
17. On June 30, 2004 The plaintiff received a displinary hearing in front of defendent Hearing Examiner, Cross, at that point" the plaintiff handed the defendent Cross his witness list and statement of events.
18.Defendent Cross denied plaintiff witness, then after, she read the plaintiff misconduct report, at that point she desided to postpone the hearing to allow an in-camera reliblity hearing with C/O Gaston to extablish the credibilty of the two CSI's.

19. On June 7,2004 the disiplinary hearing reconvined, the hearing
examiner, "Ms Cross, states to the plaintiff that she had just re-
sently gotten of the phone before the plaintiff arrival and the
conversation was in reguard to the in camera hearing, and the info-
mation that she reseived is as such," That the in-camera hearing
was held on June 4th 2004, and that C/O Gaston gave sworn testimony
that his Two CSI,s were in a position to observe as to hear violation,
and they reported they heard a distint sound of someone getting hit
then after the hit they hard the plaintiff say " why don't you hit
me back", and inmate Taylor conferm that he was hit.
20. At that point the hearing examiner ask the plaintiff, "how do
he plead to the charges.
21. At that point the plaintiff informed the H/E, defendant Ms.Çross
that do to the new allagation that just came to light that was not
on the misconduct report"officers version of events",written prior
to the in-camera hearing, that the inconstancy in the CIs version
that the plaintiff would like to have the remender of the hearing
postponed inorder to call witness, and to marshal a defence.
21. The request was denied, and the plaintiff was found guilty and
given 60 da  punitive segregation.
22. At that point the defendant H/E Ms. Cross handed the plaintiff
his written statement of facts detailing the evidence relied upon.
23. Pursuant to proceedures on June 7, 2004 the plaintiff filed a
administrative appeal with board member,(PRC) Mr. Simpson, MC Coy,
and Mr. Shane, "defendants", pointing out spicific constitutional
violations,
24. On 6/9/04 the plaintiff appeal by the PRC board was denied.
25. On 6/8/04 the plaintiff requested writen statements, of Taylor
version of events for the plaintiff defence, the request was made
to Captain Simson, The request was never answerd to, "denied".
   June 8th, 2004 the plaintiff by grevience appealed to the Sup-
intendant, A notice was sent back to the plaintiff directing him
to follow in according to 801 VIl (3b) see exhibit 1; A1-and 2

                                     801 VIL 3b (see exhibit

27, After the appeal was denied by the Programe Review Committie
, On January 12,2004 the plaintiff resubmitted his appeal to the
Superintendant Office Mr. Good, this appeal was never responded to
nor answerd.

28. Thereafter, after receiving no responce from the Superintendant
Office, the plaintiff filed a timely appeal to the Chief Hearing
examinars office according to DC ADM 801.

29, On September 14,2004 the plaintiff received a letter from the
Chief hearing examiner reporting that the appeal was received and
and that the plaintiff failed to include the Superintendant appeal
responce, also in "notation" the Chief H/E personaly sent for a
copy of the Superintendant appeal responce, The superintendant again
faild to respond to the plaintiff and the Chief H/E. see Exhibit B.

30 On September 20,2004 the plaintiff once again received a letter
from the Chief H/E requesting that the Superintendant appeal responce,
It noted that the appeal may be considered timely becouse of the
time consumed by the erroneously directing the appeal at the discrec-
tion of the recipent of the next appeal see, Exhibit C.

31, There-after On September 22nd the plaintiff once again filed
his appeal to the Superintendant office, this appeal was stamped
received on Oct 1,2004, never-the-less the inclose information
and the documents that were sent was never returned nor responded
to, see Exhibit (D).

32, Within the above date September 22,2004 the plaintiff submitted
to the Superintendant, one dated 12/5/04 and the other dated 1/5/05
See Exhibit E and F.

33. Finnaly on January 5,2005 the appeal or request was responded
to by the Assistant Superintendant Thomas W. Seivering, he stated
that his office never reseived a request nor an appeal of misconduct
No. A602109 by the plaintiff.

34. Notably this was not true for the fact two appeals were submitted
Exhibit A, and Exhibit D, were stamp "received" by his office.

35 As a result of the Superintendant failure to respond to this
plaintiff appeal, the plaintiff had no other remedy but to file t
this complaint directly thereby "exhausting his administrative re-
medies under 42 U.S.C.§ 1997e(a).

E) Clames of relief:

36. Defendant Mr Simpson, Mr McCoy, and Shane, in refusing to over turn plaintiff displinary conviction dispite there knowledge of the discribe Due Process violation, and failing to correct them. The violation was obviously on "in" the record, denied the plaintiff of Due Process of law in violation of the fourteenth amendment of the United States Constitution, by having Captain Simpson sit on the review board denied the plaintiff inpartial tribunal.

36. Defendant Captain Simpson, for procedure violation, for athorizing the administrative custody of the plaintiff under punitive condiction by placing him into a cell with another inmate serving a punitive sentence, constituted atypical hardship, dening the plaintiff of due process, For failure to act on the unconstitutional acts of his subernates and failure to be responsable for preventing it, constituted delibrat indeffrence further dening the plaintiff of due process of law in violation of the United States Constitution.

37. Defendant Ms Cross actions for refusing to call plaintiff witness after the reconstructed testimony by the C.S.Is. By receiving this information by phone, and failing to review this materal evidence (in-camera) documenting the investagater assesment of the credibilty of the C.S.Is. The evidence did not meet the propondence of the evidence rule, failure to give specific facts finding, detailing the evidence relied upon to support her verdict, and not just stating the inmate is guilty as written, denied the plaintiff of due process of law in violation of the fourteenth amendment of the United States Constitution.

38. Defendant Mr Gaston, action for his inderect particpation of of the plaintiff due process right violation, by seting in motion a series of events that he know or reasonable should have cause a constitutional violation, also technical error in his report affected the plaintiff ability to understand and defend the charge's, denied the plaintiff due process of law in violation of the Fourteen    Amendment of the United States Constitution

4)

39. Superintendent Good for failure to respond to repeated request to evauluate plaintiff final review of his misconduct that he should have reasonable known would have caoused a violation of the plain- tiff Constitutional rights of the fourteenth Amendment.

40. The plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs described herein, plaintiff has been and will continue to be irreparably injured by the conduct of the defen- dant unless this court grants the declaretion and injunctive relief which plaintiff seeks.

**WHEREFORE,** Plaintiff respectfully prays that this Court herein enter judgement granting plaintiff:

(a) A declaration that the acts and omissions discribed herein vio- lated plaintiff right under the Constitution and laws of the United States.

(b) Issue an injunction ordering Superintendent Mr. Good to exsponge plaintiff disiplinary conviction discribe in this complaint from his institutional record.

(c) Compensatory damage in the amount of $ _1000.00_ dollors againnt each defendant, jointly and severally for time and lost wages

(d) Punitive damages in the amount of $2000,00) Two thousand dollors against defendant Mr Gaston.

(e) A jury trial on all issues triable by jury.

   Plaintiff cost in this suit.

(f) Any additional relief this Court deems just and proper and eu equitable.

Date: _7/2/06_

Respectfully submitted

_I verify under Penailly of Perjury that the forsons is True And Correct_    7/2/06

5

Misconduct Administrative Procedures
Document

Misconduct Administrative Procedure
Document

Exhausting of Administrative
Remedies    42 U.S.C §1997 e(a)

FORM DC-141    PART 1    **COMMONWEALTH OF PENNSYLVANIA**
Rev 3/00                 **DEPARTMENT OF CORRECTIONS**    **A 505125**

☐ MISCONDUCT REPORT    ☒ OTHER    ☐ DC-ADM 801  INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| | | | | | |

| Quarters | Place of Incident | | | | |
|---|---|---|---|---|---|
| | | | | | |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### MISCONDUCT CHARGE OR OTHER ACTION

Housed under Close Administrative Custody.  DC ADM-802, Article 6, Section A, Subsection 1-F

### STAFF MEMBER'S VERSION    You are being placed on Close Administrative Custody per order of

CAPT              This is being done according to DC ADM-802

Article 6, Section A, Subsection 1-F.  You have been charged with or are under investigation

for a violation of facility rules and there is a need for increased control pending disposition

of charges or completion of the investigation

Impartial Tribunral Direct involvemen in investigats
By ordering Administrne Custy and sittins on apery
Not Documentng Chaeses for Detention on
this Repert

### IMMEDIATE ACTION TAKEN AND REASON

| PRE-HEARING CONFINEMENT | | | |
|---|---|---|---|
| | IF YES | | |
| | TIME | DATE | |
| ☐ YES | | | |
| ☐ NO | | | |

**FORMS GIVEN TO INMATE**
☐ REQUEST FOR WITNESSES AND REPRESENTATION    ☐ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| | | | |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|
| DATE         TIME | ☐ CLASS 1   ☐ CLASS 2 | |

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible.  You may remain silent if you wish.  Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution.  If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you.  If you indicate that you wish to remain silent, you will be asked no further questions.  If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15        YELLOW — Inmate        PINK — Reporting Staff Member        GOLDENROD — Deputy Superintendent Facility Management

*DC-ADM 801 Inmate Discipline Policy, Attachment B*

*(handwritten annotations across top): Threats to Staff or Behavior ... Before they ... Behaving upon*

| FORM DC-141    PART 1 Rev 3/00 | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | | | A 602109 | |
|---|---|---|---|---|---|

☑ MISCONDUCT REPORT    ☐ OTHER    ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| FQ8672 | Riley, Leroy | SCIP | Apx 0700 | 5/29/04 | 8/31/04 |
| Quarters | Place of Incident | | | | |
| A1A1015 | D228 | | | | |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| FN5838 | Taylor, William | ✓ | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** A. Class 1 #1 - Assault / A. Class 1 #17 - Threatening another Person

**STAFF MEMBER'S VERSION** From April 2004 through May 27, 2004, inmate Riley FQ8672, and Taylor, FN5838, had been having arguments pertaining to Taylor making noise in the early mornings, and Riley playing his ... loss at night. During this time period, Riley made verbal threats of violence to Taylor. On May 27, 2004, at approximately 0700 hrs, Riley struck Taylor in the right side with his closed fist as Taylor was lying on his bed.
Information for this misconduct was obtained from CSI's. Law DC ADM 801, CSI's were either in a position to observe the violation or have been reliable in the past.
The date of incident differs from the date of report due to investigation of this incident.

**IMMEDIATE ACTION TAKEN AND REASON** ● ... Resolution Only

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| ☑ YES | TIME | DATE |
| ☐ NO | 1838 | 5-31-04 |

☑ REQUEST FOR WITNESSES AND REPRESENTATION    FORMS GIVEN TO INMATE    ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| _____ Canton C-I | _____ Capt. | 5-31-04 | 1838 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☑ CLASS 1    ☐ CLASS 2 | _____ C-I |
| 6-2-04 | 0900 | | |

### NOTICE TO INMATE

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15        YELLOW — Inmate        PINK — Reporting Staff Member        GOLDENROD — Deputy Superintendent Facility Management

**DC-ADM 801 Inmate Discipline Policy, Attachment B**

| DC-141    PART 2A<br>Rev. 6-84<br>INMATE REQUEST FOR<br>REPRESENTATION AND WITNESSES | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS | | | |
|---|---|---|---|---|
| DC Number | Name | Facility | Date | Number as on Part I |
| Q8672 | Riley, Greg | SCI, | 5/31/4 | A6 2104 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance    Inmate Chandler D-Block (3)
       ☐ I request assistance by _____
       (The person requested must be willing to assist you)    No Riley can understand charge + evidence

Witnesses:    You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give

| If Inmate | | | DO NOT WRITE IN THIS SECTION<br>For Use by Hearing Examiner |
|---|---|---|---|
| 1. Name of Witness: | No. | Quarters | |
| Chandler | | D-Block | Witness permitted?    If not, why not? |

Why is this person's testimony relevant and important?

I confided in Him that Taylor was being disrespectfull and this witness warn me that This look like a set up to set me a misconduct by Taylor and out of that bad situation

No - not needed to establish Guilt/Innocence to set

| If Inmate | | | |
|---|---|---|---|
| 2. Name of Witness: | No. | Quarters | Witness permitted?    If not, why not? |

Why is this person's testimony relevant and important?

He Heard About the TV on At Night But He Never Heard me Threating MR Taylor

| If Inmate | | | |
|---|---|---|---|
| 3. Name of Witness: | No. | Quarters | Witness permitted?    If not, why not? |

Why is this person's testimony relevant and important?

_____
Inmate's Signature

K. Cross
_____
Hearing Examiner's Signature

This section to be completed by Housing Officer only

Received completed form _____ hours _____
            Time       Date

_____
Housing Officer's Signature

Reques to Staff on Before He Ran 4G

| DC-141    PART 2 C | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Rev. 2-02    HEARING SUPPLEMENT INMATE VERSION AND WITNESS STATEMENTS | DEPARTMENT OF CORRECTIONS | | |
| DC Number | Name | Facility | No. from PART I |
| FG3690 | Larry Larry | SCI | A602104 |

**INMATE'S VERSION** On 4/26/04 6:30 Am I ask Mr Taylor will He please Respect the lights and peace of others in the cell. by not turning on the lights and making noise 6 Am His Response "NO I cant" him what to do   So that night I left my TV on all night. Next day Taylor asp to Him move  Move Bennet, Taylor Informant me he could not have anyone to move with So we agreed to work things out. Everything was Fine for 8 days untill tuesday 26th 2004 Taylor turn the light on and Betting pledges at 6Am wensday same, wensday I ask Taylor I thought we had An agreement He said (you Do your time And I'll do mine.) That evening I ast him do he have the smokes He promiss to give me. He said no! I ask him why. He said I dont have to explain nothing to me We where loud and we Both said some things out of anger. There where no threts. The same night Again I Din not "Ast my headphone" on He called the guard at 1Am the Guard said it will be Resulved in the morning. 6Am we where call down the sargent said we will be seperated by noon I went back to my cell And ask my cell mate a Qustion He said Fuck me I said Fuck you He jump of the Bun And Ran to the police And said I Hit him. Even when he push me                     For calling him a name.   I said:

#1 Threating I at no time did I threatening Mr Taylor  Mr Taylor Had the green light to move at Any time 30 days He liver with me in peace) MR Taylor Broke that peace not I. We Both said things to each other out of anger    you'll Find Riter to me That could have social threating

#SEC Assult I went back to my cell The Qustio I ask Mr Taylor was. Why did He lye on his Request to Staff Dated 4-23-04 That I Threating to punch him in the Face I was going to be moved  He admitted it was a lie I said Fuck you, Fuck   I call Him a Bitch He jump of the bun and Ran down And told the guard Another lie That I Hit him "A Blating ly" MR Taylor  Chose to Stay in the Same cell for over 30 days With some one he did feared. There is No fear here

DC-141 · Part 2B
Rev. 6-84
DISCIPLINARY HEARING REPORT

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

Pg 1 of 2

| DC Number | Name | Facility | Hearing Date | Hearing Time | No. from Part 1 |
|---|---|---|---|---|---|
| FQ8672 | ·RILEY, LEROY | SCIP | 6-7-04 | 10.5 | A602109 |

| INMATE PLEA | ☐ Guilty  ☒ Not Guilty | ☐ No Plea  ☐ Other | Verdict | ☐ Guilty  ☒ Not-Guilty |
|---|---|---|---|---|

**HEARING ACTION**

CHARGES 1, 17

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

6-3-04- Riley pleads NOT GUILTY - Submits written version

Examiner notes hearing is continued to allow CSI adm
reliability hearing with charging staff member.

On Friday, June 4, 2004 an incamera hearing was conducted with
% Goston. The purpose of the hearing was to establish reliability
of the 2 CSI's used. % Goston gave sworn testimony that his 2
CSI's were in a position to observe as they could see what
happened. In addition, both CSI's have provided reliable information
in the past and the % explained in detail what was provided and
how it proved to be reliable. According to the %, both CSI's
were aware of and heard Riley and Taylor arguing about
moving to another cell. During the argument, the CSI's
report they heard a distinct sound of one inmate hitting
another. Immediately following, the CSI's state- they heard
Riley saying, "Why don't you hit me back" Examiner notes both
CSI's provided corroborating statements concerning this incident.
In addition, Taylor confirmed that Riley struck him during the argument.

All information shared with Riley.

Riley- again pleads Not Guilty

| | | |
|---|---|---|
| ☒ YES  ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☐ YES  ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| ☐ YES  ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES |
| ☐ YES  ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | Version Witness sheet. |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| Kerri Cross | Kerri Cross |
| | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE - DC-15     YELLOW - Inmate Cited     PINK - Staff Member Reporting Misconduct     GOLDENROD - Deputy Superintendent

DC-141        Part 2B                    COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84                                    DEPARTMENT OF CORRECTIONS                    Pg 2 of 2
DISCIPLINARY HEARING REPORT

| DC Number | Name | Facility | Hearing Date | Hearing Time | No. from Part 1 |
|---|---|---|---|---|---|
| FQ 8672 | RILEY | SCIP | 6-7-04 | 1015 | A602109 |

| INMATE PLEA | ☐ Guilty  ☐ No Plea  ☒ Not Guilty  ☐ Other | Verdict | ☒ Guilty  ☐ Not Guilty |
|---|---|---|---|

### HEARING ACTION

CHARGES   1, 17

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

The examiner accepts report and statements from 2 CSI's who have been established as reliable to be more credible then Riley's denial. I find the 2 CSI's heard a distinct sound of one inmate striking another and Taylor confirmed that during the argument — he was hit. I believe Riley struck Taylor during an argument constituting #1 —

Based on Report
Guilty #1) 60 d c/p DCS
Note The misconduct Report And This Report 5-31-04 Gives two Diffrent Version of events Recostreted testimony of 2 CSI

AND SIR YOU KNOW AND I KNOW YOU CAN NOT HEAR A HIT (BODY Shot) From one cell to Another Try it!     Dismiss # 17

| | | |
|---|---|---|
| ☒ YES  ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☒ YES  ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES |
| ☐ YES  ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | ☐ |
| ☐ YES  ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | Version witness sheet |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| Kerri Goss | Kerri Goss |
| | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE - DC-15        YELLOW - Inmate Cited        PINK - Staff Member Reporting Misconduct        GOLDENROD - Deputy Superintendent

6/8/04 (1)

**DC-141    PART II E**
MISCONDUCT HEARING APPEAL

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | No. from PART I |
|---|---|---|---|
| FW 8672 | Leroy Riley | SCT P | |

I was found guilty of misconduct # __A602109__ on __6/7/04__ (date) by the Hearing Committee/Examiner, and I wish to appeal that decision on the following grounds:

Check Area(s) Involved

a. The procedures employed were contrary to law, Administrative Directive 801, or to the ICU Consent Decree;  ☑

CSI Statement Dont Support or result Facts Statements CSI given on 2 dates Dont match each other

b. The punishment is disproportionate to the offense;  ☑

See CApt Simpson Statement Interview Taylor

c. The evidence was insufficient to support the decision.  ☑

Its Highly likly that Taylor Confired with CSI on corroppnending Story

Below is a brief statement of the facts relevant to my claim(s). It includes the identity of all persons who may have information which may be helpful in resolving this matter.

On 5/27/04 Cpnl Simpson took A statement from Riley and inpootely Taylor, There was no statment by Taylor of Threats Argument-Cell Change- Statment Why Dont you Hit me Back. 5/31/04 - DC141 CSI heard Threat, TV noise eanphone, CSI Report doant math Cpnl Simpson And Taylors witen statment- Base on Repat DC141 Hearing was held 6-3-4 - continued in cam hearing % boston New DC 141 2B As a Resolt (Highly exasberated) CSI HeaD Hittins sound-Fighting over cell change - words by Riley, why dont you hit me back. Notably this new statment do not match statment 5/31/4 and 5/27/04 Absoluly none of those new statment where made prior to First Misconduct Hearing it was imbelish for the 2nd The contradiction discripency or of magnitude putting % CSIs Reliability into Question Moreover its said that 2 or more contradict discripincy can RnDer statment fals and negate Reliability Also There no independent Bassis to judge the Reliablity of CSI There no sign statment But am Do have % Gaston statment to whigh The statments dont match % speaking to CSI it dont match prior statment not consistent with persent Allse not to be able to face your Accusor Denied Due prossiss of law 14th amendment So Brusly the word of ofl Gaston, and He never told a lie '' Its all most impossible to here someone through one pounch over Argument And TV Playing while the whole jails lock Down And number of things can make the same sound- like jumping of the BeD Feet Hittins the Ground As what Taylor, And what MAN you know going to stand there And say why dont you Hit me Back ''Chilish'' ME And Taylor the only ons in that cell And the only one in The jail that Know what happens Mr Taylor was over that cell unfurt UN Hurt And told the caveds a lie I m The victim Taylor The BAD Guy

WHITE—DC-15    YELLOW—Inmate   All I wanted was 5 piece

**DC-141    PART II E    COMMONWEALTH OF PENNSYLVANIA**
**MISCONDUCT HEARING APPEAL    DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | No. from PART I |
|---|---|---|---|
| F Q 8672 | LeRoy Riley | SCI P | Page 2 |

I was found guilty of misconduct # A 602105 on 6/7/04 (date) by the
Hearing Committee/Examiner, and I wish to appeal that decision on the following grounds:

**Check Area(s) Involved**

a. The procedures employed were contrary to law,
   Administrative Directive 801, or to the ICU
   Consent Decree;    [✓]

b. The punishment is disproportionate to the offense;    [✓]

c. The evidence was insufficient to support the decision.    [✓]

Below is a brief statement of the facts relevant to my claim(s). It includes the identity of all
persons who may have information which may be helpful in resolving this matter.

THIS IS A CLASIC CASE of RealRood THE Dum Inmate TO (as you know he
would need two CSI to corroborat what each other Heard Why? Becouse
if it was just one CSI Then where Back to where they started-I CSI say He Did
Do it And Riley denying it But with Two c/o Gaston got the jump- what or the
Chances of finding two CSIs 7am Lock Down Hearing the same thing it they where not
next Door (CSI) wishc Brings us Back to what they Heard. Report 5/27/04 Cpt Simpson inter-
View There no mention the Fight Argument only 0710 About nose. THE ARGUMENT was
About A Request slip giving to the Sergent At 0710 Am By taylor and what was on it
And Also Taylor Jumping of the bed and a number of things could make a Jumping
Sound as a hit. Also it was very convenyent to loure through in (Why Dont you
Hit me Back) noil in the collin. Compare with the Original Statment And CSI.
CSI IS A FABRACATION  The Question is Who are they CSI And where they when
they Heard the 30 sec Argument Also it possable Taylor Had the oppenuity to
converse with the CSI on there Stary Stays 5/27-6/1 And The Next Door
NABOO His best Friend" And How Do We know The 2 CSI Story corrouberate
None of us was there when it was given But c/o Gaton AKA John the Baptes
And He would neve tell a liy And there no writen Statment  How can I tell the
Truth And have a fair hearing When  convenyent and serves a convection when
c/o Gaston Has the power CREA  CSI with the Streck of His Amasginagion
In A Pen And nuby say Bring them,  CSI He said They CSI said Rual
Testimony in the past CSI The Question is Who gave it and in this case where where
They give this accord. I Request AN INDependent INvastagation of CSIs If they Do
Because is not True. There not  Exist

ATA 1015

(9)

DC-141 Part 3
Program Review
Committee Action

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

Revised 6/02

☐ Misconduct Appeal     ☐ Periodic Review     ☐ Other

| DC Number | Name | Facility | Date of Review | No. from DC-141 Part 1 |
|-----------|------|----------|----------------|------------------------|
| FQ 8672 | Leroy Riley | SCI-P | 6/9/04 | A 602109 |

**Program Review Committee's Decision and Rationale**

Points of Appeal

A: Procedures: Inmate claims procedures not followed

B: Punishment: Claims should not have been sanctioned.

C: Evidence: Claims CSI's were not reliable.

Decision of PRC: Procedures were followed H/E had several hearing to establish credibility of CSI's. H/E found evidence more reliable than testimony of inmate. Sanction imposed appropriate for charge. Possion Possition

Sustain

---

**Decision Relative to Hearing Examiner's Verdict**

☐ Not Applicable   ☒ Sustain   ☐ Sustain-Amend   ☐ Refer Back for Further Study   ☐ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|-------------------------------------------|------------|------|
| David McCoy, Acting DATSS | | 6/9/04 |
| Charles M. Shene, Principal | | 6/9/04 |
| Charles M. Shene, Principal | | 6/9/04 |

DC-141 Part III
90 Day Review

# Commonwealth of Pennsylvania
## Department of Corrections



| DC Number | Name | Inst. | Rvw. 90 Day | # of Review |
|-----------|------|-------|-------------|-------------|
| FQ8672 | RILEY LEROY | PIT | 08/25/2004 | 1 |

## Program Review Committee's Decision and Rationale

### Initial Reason for Confinement

Inmate Riley was placed on Close Administrative Custody per order of Capt. Simpson. This was done according to DC ADM-802, Article 6, Section A, Subsection 1-F. He is charged with or is under investigation for a violation of facilty rules and there is a need for increased control pending disposition of charges or completion of the investigation. On 6/7/2004 Inmate Reily RECD 60 days DC EFF 5/31/04 thru 7/29/2004 for #1, assault. On 7/23/2004 Inmate Riley was placed under Close Administrative Custody in accordance with DC ADM-802, Article 6, Section A, Subsection and per order of Capt. McConnell. He is a danger to himself or others.

*E HXIIB 1+ (9 B)*

### PRC Comments

On 8/4/2004 Inmate Riley met with PRC due to his placement in AC status upon completion of his DC time. He is to be seen in 2 weeks. ADDENDUM: Based upon all available information, including a recommendation by the RHU staff, release to population effective 8/11/04.
cc: Capt. McConnell, Ms. Sorbin

## Decision Relative to Hearing Committee's Verdict

| ☐ Not Applicable | ☐ Sustain | ☐ Sustain-Amend | ☐ Refer Back for Further Study | ☐ Exonerate |
|---|---|---|---|---|

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| Paul J. Stowitzky, Deputy Supt. | *[signature]* | 8-19-04 |
| Marlene M. Stewart, CCPM | *Marlene M Stewart* | 8/13/04 |
| Pamela K. Teeter, Captain | *Capt PK Teeter* | 8-17-04 |

# EXHIBITS

Exhaust of Administrative Remedies
42 U.S.C. § 1997(e)(a)

Exhibit (A)

SCI PITTSBURG
DC-804
Part 1    JUN 08 2004

SUPERINTENDENT

OFFICIAL INMATE GRIEVANCE

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

85969

GRIEVANCE NUMBER

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI P | DATE: 6/8/04 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) LEROY RILEY FQ8672 | SIGNATURE of INMATE: Leroy R-7 | |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: A-1 A1C15 | |

INSTRUCTIONS:
1  Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2.  State your grievance in Block A in a brief and understandable manner.
3.  List in Block B any actions you may have taken to resolve this matter.  Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance.  Additional paper may be used, maximum two pages.

(6/7/04) I was Found Guilty of a class I Assult misseconduct C/o Easton was the investagating officer DC1411 (602109)

I was Found Guilty Based on CSI Clames to Being in that Location to Hear An Argument And the Sound of Some one Being Hit I Know this can Not Be true Because this Inssadent took place at 0200 5/27/04 And the Jail was lock Down For count C/o Gaston Clames 2 CSI corraberated ther Store match There no Sign Statment or Vidio Record of CSI to Substanshiat thee Claims I Am Requesting An independent investagation of these 2 CSI If They truly exsest And where where they Possision when They Heard the Argument This is Not Fare And A Misscarge of Justice Im Am Being Denied Due Prosse-ss Under the 14th Amend to have witness comp Forth

**B.** List actions taken and staff you have contacted, before submitting this grievance.

Apeal Pending

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                    _____
Signature of Facility Grievance Coordinator                                    Date

**WHITE** - Facility Grievance Coordinator Copy    **CANARY** - File Copy    **PINK** - Action Return Copy    **GOLDENROD** - Inmate Copy
Revised
December 2000

Exhibit (A2)



**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**SCI-PITTSBURGH**
**(412) 761-1955**
Date: June 8, 2004

**SUBJECT:** **Grievance Rejection Form**

**TO:** RILEY, Leroy FQ8672    A1-A-1015

**FROM:** Carol A. Scire    *Carol A. Scire*
Facility Grievance Coordinator

| FOR OFFICIAL USE ONLY |
| :---: |
| **85969** |
| GRIEVANCE NUMBER |

The attached Inmate Grievance is being returned to you because you have failed to comply with the provision(s) of DC ADM 804, Inmate Grievance System:

1. **X** Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator:
   a.    DC ADM 801, Inmate Disciplinary and Restricted Housing Unit Procedures.
   b.    DC ADM 802, Administrative Custody Procedures.
   c.    Other policies not applicable to DC ADM 804.

2. ____ Block B must be completed, as per the instruction #3 of the Official Inmate Grievance Form.

3. ____ The grievance does not indicate that you were personally affected by a Department or facility action or policy.

4. ____ Group grievances are prohibited.

5. ____ The grievance was not signed and/or dated.

6. ____ Grievances must be legible and presented in a courteous manner.

7. ____ The grievance exceeded the two (2) page limit.  Description needs to be brief.

8. ____ Grievances based upon different events shall be presented separately.

9. ____ The grievance was not submitted within fifteen (15) working days after the events upon which claims are based.

10. ____ You are currently under grievance restriction.  You are limited to file one (1) grievance every ten (10) working days.  You filed grievance # on.  You may file your next grievance on .

11. ____ Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility.

12. ____ The issue(s) presented on the attached grievance has been reviewed and addressed previously.

**NOTE:  Please use the assigned grievance number when resubmitting your grievance.**

Exhibit (B)

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS
Office of the Chief Hearing Examiner
1451 North Market Street
Elizabethtown, PA  17022

**INMATE NAME:** ~~Leroy Riley~~        **INMATE #:** ~~EQ8672~~

**INSTITUTION:** ~~Pittsburgh~~    **Misconduct Number:** _A602109_

**FROM:**    Robert S. Bitner
            Chief Hearing Examiner        **DATE :**    September 14, 2004

This is to acknowledge receipt of your appeal to final review of the above numbered misconduct.

In accordance with DC ADM 801, VI L, 3b, inmates appeal for final review of their misconducts are responsible for providing the Chief Hearing Examiner with a brief statement relative to issues and any available paperwork or documentation relevant to the appeal.  A proper appeal for final review should include photocopies of the Misconduct Report, Hearing Examiner's report, the Inmate Version and Witness forms (if applicable), Appeal to PRC, PRC Response, Appeal to Superintendent, and the Superintendent's response.

Your appeal to final review failed to include one or more of the documents necessary to complete final review.  Accordingly, my office has contacted your institution to request copies of the entire record of this misconduct as well as appeals at the institution level.

This notice is to advise you that, although we have received your appeal, the response at final review will be delayed pending receipt of the records requested from the institution.  Your appeal will be reviewed and responded to within seven (7) working days of receipt of all necessary records for review pursuant to DC ADM 801, VI L, 3c.

## ADDITIONAL COMMENTS:
**Sent for a copy of the Superintendent's appeal response.**

EXHIBIT  ( C )

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1451 N. MARKET STREET
ELIZABETHTOWN, PA 17022

OFFICE OF THE
CHIEF HEARING EXAMINER

September 20, 2004

Leroy Riley, FQ-8672
SCI Pittsburgh

Re:    DC-ADM 801 - Final Review
       Misconduct No. A602109

Dear Mr. Riley:

Your appeal of the above-referenced misconduct has been referred to this office for review. However, our inquiry into this matter reveals that you have not yet appealed to the Superintendent of your institution as required by DC-ADM 801. Until this appeal is completed, final review cannot be ranted. Upon receiving the response from your appeal to the Superintendent, you may once again .ibmit a timely written appeal for final review.

This response does not grant you a right to an appeal if it would otherwise be untimely to pursue that appeal. However, in evaluating the timeliness of any appeal you submit, the time consumed by erroneously directing your appeal to this office may be disregarded at the discretion of the recipient of your next appeal.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

RSB:krc

pc:    Superintendent Good

*"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*

EXHIBIT (D)

*Superintendent*

RECEIVED
OCT 01 2004
SCI Pittsburgh
Superintendent's Office

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

*MR Good*

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| | |
|---|---|
| 1. To: (Name and Title of Officer) | 2. Date: 9/25/04 |
| 3. By: (Print Inmate Name and Number) *LEROY RILEY #QB670* *Leroy Riley* Inmate Signature | 4. Counselor's Name *Ms. Brown* |
| | 5. Unit Manager's Name *MR Hopkos* |
| 6. Work Assignment *none* | 7. Housing Assignment *A2 B 1016* |

8. Subject: State your request completely but briefly. Give details.

*Please Reinstate my Commisary.*

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                      Print              Sign

Revised July 2000

Exhibit -( E )

Leror Riley FQ 8672

Superintendent Officie                              Date 12/5/04
SCI Pittsburgh
P.O. Box 99901
Pittsburgh, Pa. 15233

Dear Sir,

Good day, On are about    /   /    , I filed for a review of my miscon-
doct I received on 7/28/2004 they had informed me that it had to go
through the Superintendent office first. On are around    /  /
I sent this information to you along with my complaint and documents
pertaining to the miscondoct                 hem. I did not receive
a responce back from your office. Again on are around    /  /
I informed you that I did not received a responce from your office
I'm still waiting to hear from you. I will wait a just a few more
days for your responce to this request, if  I do not here back from
you, I will have no choice but to send it back off to the Chief
hearing examiner with out your responce.

Issue:

      I was wrongly accuse of hitting inmate Mr Taylor. The evidence
aginst me was fabracated, I got a misconduct back saying two CSIs
were in a location to observe the violation. I know in my soul this
is not true, for 1, I did not strike Mr taylor. 2, This took place
at 6,am the jail was lock down at that time, no one was out as to
see or hear. 3. You can not hear some one getting strike in there
side or mid siction through thouse thick cell walls 'try it you'll
see" If there were two CSIs they would of have to had been next
door as to hear, but it's still imposable. 5 The miscondouct report
don't match the    (the two CSIs change there statements)  one from
the misconduct hearing (In-camera report) 6. The hearing examiner
never reviewed the in-camera report, she took this information over
the phone information like where were the CSI located at the time

*EXHIBIT ( F )*

*Superintendent Office*

| | |
|---|---|
| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>*Superintendent* | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| | |
|---|---|
| 1. To: (Name and Title of Officer) | 2. Date: *12/10/04* |
| 3. By: (Print Inmate Name and Number)<br>*Leroy Riley EQ 8672*<br>_____*Leroy Riley*_____<br>Inmate Signature | 4. Counselor's Name *Sorbin* |
| | 5. Unit Manager's Name *Hollock* |
| 6. Work Assignment *Block worker* | 7. Housing Assignment *B1605* |

8. Subject: State your request completely but briefly. Give details.

*Please Read whats inclosed*

RECEIVED
SCI-PITTSBURGH

JAN 05 2005

SUPERINTENDENT
ASSISTANT II

*Issue
overturn
Disaplinery
Conviction*

9. Response. (This Section for Staff Response Only)

| | |
|---|---|
| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____ / _____ Date _____
Print                                          Sign

Revised July 2000

Exhibit - (6)



**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**SCI-PITTSBURGH**
**(412) 761-1955**
**January 5, 2005**

Subject:     Misconduct Appeal

To:          Leroy Riley, FQ-8672

From:        Thomas W. Seiverling
             Superintendent Assistant

This is in response to your communication to Supt. Stowitzky. I have reviewed both your institutional record and the files in the superintendent's office and I can find no indication that any appeal of misconduct #A602109 was ever received by the superintendent. As of this date, the time period for appealing this issue has long since expired.

TWS

cc: DC-15