IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEROY RILEY
    Plaintiff,

v.

CHARLES SIMPSON, KERRI CROSS,
DAVID MCCOY, CHARLES M. SHANE
MR. GASTON, sued in there
individual capacities,
DAVID J. GOOD, sued in his
individual and official
capacities
    Defendants.

Civil Action No. 05-172E

Judge Sean J. McLaughlin
Magistrate Judge Susan B. Paradise

## APPEAL MAGISTRATE REPORT AND RECOMENDATION

    The Magistrat judge and report and recomendation moves to dismiss plaintiff cpomplaint on the grounds plaintif has not provided any evidence that he filed an appeal to the Superintendent office earlyer then September,29 2004.

    1. On June 6th a Grivence was filed by the plaintiff in regards to the misconduct, this grivence was responded to on June 8, 2004 directing the plaintiff to follow the procedures directive DC ADM801 (see Ex A)

    2. On July 12, 2004 following the programe Review Committee decision, the plaintiff filed his appeal to the Superintendent office according to directive DC ADM 801( no copy has been retain by plantiff) This appeal was never responded to.

    A motion to dismiss filed pursunt to Federal Rule of Civel Procedure 12(b)(6) must be viewed in light most favorable to the plaintiff and all well-pleaded allegations of the complaint must be accepted as true. <u>NEITKE V. WILLIAMS,</u> 409 U.S. 319 (1989) The Motion cannot be granted unless the court is satisfied "that no relief could be proved consistent with the allegations." <u>HISHON v. KING & SPAUULDING</u>, 467 U.S.69,73 (1984). Rule 8(a) of Federal Rules Of Civel Procedure states that a pleading must set forth a claim of relief which contains a short and plain ststement of the claim showing that the pleader;

is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim NEITZKE v. WILLIAMS, 409 U,S. 319 (1989). Pro se Pleadings and brief must be held to "less stringent standards then formal pleadings drafted by lawyers, and can only be dismissed for failure to state a claim if it appears "beyound a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." HAINES v. KENER, 404 U.S. 519,520-502(1972).

3. On Sept,1 04 appeal was submitted to the Superintendents office and dated received by them on Oct,1st 2004, This appeal was also never responded too.  see Exhibit (B)

4. An appeal dated Dec,10,04, also was submitted to the superintendent office, this appeal also was never responded too. see ex(C) Notably" On this appeal dated 12/10/04 , it took up to 30 days befor it reach the Superitendent office. "No responce".

5. Thereafter the plaintiff made repeated request for a review of his misconduct.

6. On January 5th 2006 the plaintiff received a letter from the assitant superitendant stating that there is no record of any appeal of a misconduct was submitted to the superintendents office see exhibit (D)

7. The above chronology and the plaintiff records shows, "granted plaintiff did not retain the first appeal to superintendent" that there is ample evidence in the exhibits submitted that on a number of occasions that an appeal was received by and stamped receive by there office, never-the-less there office claims they never received an appeal by the plaintiff, moreover the plaintiff exhibits show on more then one occasion it took up to 30 days to reach the office of the superintendents."The Appeal"

8. The reason the plaintiff did not retain the first copy of his appeal befor September 2004 was when he submitted it back in June of 2004 in punitive segragation there is no way to make copys in the short time. plaintiff sent the originals beliving a prompt answer would follow.

9. In light of the actions of the superintendants office failure to respond to the plaintiff appeals of his misconduct resulted in the plaintiff to be procedurely defaulted in fillfulling the 2nd step of the administrative appeal process.

10. There can only be two logical explanation for the failure of the superintendant not to respond, First with malice intent; Two, with out malice intent "lost". In any event the procedure process in the superintendents office broke down dening the plain- his due process right 8th and the 14th amendment of the Constitution.

11. Failure to rule in the plaintiff favor will result in un-fairness and in-justice in this case. If the Court accept the fact that it is OK for the superintendent to arbitrariously missplace or claim that they never receive an appeal of a misconduct and in some case's take up to 30 days to reach ther office, knowing that inmates in confinement cannot make copy to prove allagations of sent documents", if this positition is taken by this court we will be given a blank check to prison official to inflect any punishment they please for any infractions or rules. The prison official could subject the prisoner to any punishment and the court would be power-less to intrvene,

**WHEREFORE,** this plaintiff request that this Complaint not be dismissed. The plaintiff made a good faith effort to exhaust all his administrative remedies.

Sincerely Submitted

Date: 8/5/2006